IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

```
_____
                                    )
MAJOR MICHAEL D. MORI, USMC,        )
                                    )
                 Plaintiff,         )
                                    )
          v.                        )    Civil Action No. 07-cv-2167
                                    )
DEPARTMENT OF THE NAVY,             )
                                    )
                 Defendant.         )
_____)
```

## ANSWER

Defendant the Department of the Navy hereby answers plaintiff Major Michael D. Mori's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Complaint should be dismissed in part because plaintiff has failed to exhaust his administrative remedies.

### Third Defense

Defendant responds to the numbered paragraphs of the Complaint, using the same numbering contained therein, as follows:

1. Paragraph 1 states a characterization of plaintiff's Complaint and legal conclusions to which no response is required.

2. Paragraph 2 states legal conclusions to which no response is required.

3. Paragraph 3 states legal conclusions to which no response is required.

4. Admit.

5. Paragraph 5 states legal conclusions to which no response is required.

6. Admit.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph except to admit the first sentence.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Paragraph 10 states legal conclusions to which no response is required. To the extent that a response is nevertheless deemed required, defendant denies the allegations except to refer the Court to the references cited for a complete and accurate statement of their contents.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph except to admit that efforts by Major Mori and others to challenge the military commission system were reported in various media.

12. Admit.

13. Denied, except to admit that plaintiff and one other naval service officer assigned as defense counsel for the Office of Military Commissions were not selected for promotion.

14. Paragraph 14 states a characterization and a legal conclusion to which no response is required. To the extent that a response is nevertheless deemed required, defendant denies the allegations except to refer the Court to the reference cited for a complete and accurate statement of its contents.

15. The Complaint does not contain a paragraph 15.

16. Admit, generally, but defendant specifically avers that the selection board was composed of 21 Marine Corps officers, one of whom was a Judge Advocate.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph except to admit that some members of the Fiscal Year 2007 United States Marine Corps Lieutenant Colonel Selection Board (the Board) served in assignments involved in the war against terror.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Denied as to the last sentence. As for the remainder, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph except to admit Major Mori's defense of Mr. Hicks was published in various media reports.

20. Paragraph 20 states characterizations and legal conclusions to which no response is required. To the extent that a response is nevertheless deemed required, defendant denies the allegations except to refer the Court to the reference cited for a complete and accurate statement of its contents.

21. Denied.

22. Denied.

23. Denied, except to admit that some members of the Board served in assignments involved with the Global War On Terror.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the third or fourth sentences of this paragraph. Defendant denies the remaining allegations of this paragraph except to admit that Major General Ennis was assigned to the Defense Intelligence

Agency as the Deputy Director for Human Intelligence when he served as President of the Board and that he had previously served as Director of Intelligence for the Marine Corps.

25.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph except to admit that Col Johnson and Col Mikolaski were members of the Board and that Col Johnson served as Commander, 24th Marine Expeditionary Unit.

26.  The fifth and sixth sentences of paragraph 26 state legal conclusions to which no response is required.  To the extent that a response is nevertheless deemed required, defendant denies the allegations of these sentences.  The remainder of this paragraph is denied except to admit that then-Lieutenant Colonel Salinas served as the convening authority for a Special Courts Martial of a Marine under her command for whom then-Captain Mori served as individual defense counsel and to admit that the Marine was acquitted.

27.  Denied.

28.  Denied.

29.  Denied.

30.  Denied.

31.  Paragraph 31 states legal conclusions to which no response is required.  To the extent that a response is nevertheless deemed required, defendant denies the allegations of this paragraph except to refer the Court to the applicable statute, 10 U.S.C. § 628, for a complete and accurate statement of its contents.

32.  Denied except to admit that Major Mori filed a request dated June 6, 2006 that sought to have his record referred to a special selection board pursuant to 10 U.S.C. § 628 and SECNAVINST 1401.1B.

4

33. Denied, except to admit that the Secretary of the Navy denied Major Mori's request for a special selection board by signing a memorandum (the Memorandum) drafted in part by the Commandant of the Marine Corps that was forwarded to Major Mori by letter from the Commandant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of this paragraph.  The allegation in the second sentence states a characterization and out-of-context partial quotation from the Memorandum to which no response is required.  To the extent that a response is nevertheless deemed required, defendant denies the allegations of the second sentence except to refer the Court to the Memorandum for a complete and accurate statement of its contents.

34. Paragraph 34 states characterizations, an out-of- context partial quotation, and legal conclusions to which no response is required.  To the extent that a response is nevertheless deemed required, defendant denies the allegations except to refer the Court to the Memorandum for a complete and accurate statement of its contents.

35. Admit.

36. Paragraph 36 states a characterization to which no response is required.  To the extent that a response is nevertheless deemed required, defendant denies the allegations except to refer the Court to the Memorandum for a complete and accurate statement of its contents.

37. Denied.

38. Admit.

39. Paragraph 39 states a characterization to which no response is required.  To the extent that a response is nevertheless deemed required, defendant denies the allegations of this paragraph except to refer the Court to the Memorandum for a complete and accurate statement of its contents.

40. Denied, except to admit that Major Mori's request for a special selection board stated that it was based on the actions of the Board being contrary to law and tainted by material error.

41. Paragraph 41 states legal conclusions to which no response is required.

42. Defendant hereby incorporates its responses to paragraph 1 through 41 as if fully set out herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

The remainder of the Complaint consists of plaintiff's prayer for relief, to which no response is required. To the extent that a response is nevertheless deemed required, defendant denies that plaintiff is entitled to the relief requested or to any other relief from defendant. To the extent not otherwise admitted or denied, any remaining allegations of the Complaint are hereby denied as completely as if separately and specifically denied.

Wherefore, defendant respectfully requests the Court to enter judgment dismissing this action with prejudice and to award defendant its costs and such other relief as the Court may deem appropriate.

10 March 2008  JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

_/s/ Ronald J. Wiltsie_____
RONALD J. WILTSIE (D.C. Bar No. 431562)
United States Department of Justice
Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7306
Washington, D.C. 20530
(202) 307-1401
ronald.wiltsie@usdoj.gov

Attorney for defendant