UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MAJOR MICHAEL D. MORI, <br> UNITED STATES MARINE CORPS, | : <br> : <br> : | | |
| Plaintiff, | : <br> : | Civil Action No.: | 07-2167 (RMU) |
| v. | : <br> : | Re Document Nos.: | 9, 12 |
| DEPARTMENT OF THE NAVY, | : <br> : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

### Denying the Defendant's Motion for Summary Judgment; Granting the Plaintiff's Cross-Motion for Summary Judgment

## I. INTRODUCTION

This matter comes before the court on the defendant's motion for summary judgment and the plaintiff's cross-motion for summary judgment. The plaintiff, a Major in the Marine Corps, was denied a promotion to the rank of Lieutenant Colonel by the United States Marine Corps Lieutenant Colonel Selection Board. The plaintiff requested that the Secretary of the Navy convene a Special Selection Board ("SSB") to review the decision, but the Secretary denied his request, concluding that the plaintiff had failed to provide evidence supporting his claim. The plaintiff subsequently commenced this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq*. The defendant has now moved for summary judgment, arguing that the court should uphold the Secretary's decision. The plaintiff has filed a cross-motion for summary judgment requesting that the court set aside the Secretary's decision. Because the Secretary failed to articulate what standard of proof it applied to the plaintiff's request for an SSB, the court denies the defendant's motion for summary judgment, grants the plaintiff's cross-motion

for summary judgment and remands this case to allow the Secretary to explain its reasoning with the requisite degree of specificity.

## II. BACKGROUND

### A. Factual History

In August 2003, the Marine Corps assigned the plaintiff to the Office of Military Commissions to serve as defense counsel for detainees charged by the military commission system in Guantanamo Bay, Cuba. Compl. ¶ 7. Two months later, the Marine Corps ordered the plaintiff to represent David Hicks, the first detainee charged by the military commission system. *Id.* ¶¶ 7-8. In an effort to fulfill his legal obligation and his ethical obligation to zealously represent Hicks's interests, the plaintiff mounted a challenge to the validity of the military commission system, which the Supreme Court addressed in *Rasul v. Rumsfeld*, 542 U.S. 507 (2004). *Id.* ¶¶ 10-11. The plaintiff's representation of Hicks and his efforts to challenge the military commission system were widely covered in the media and in publications distributed to Marine Corps officers. *Id.* ¶ 11.

In October 2005, a Marine Corps promotion board considered and denied the plaintiff for a promotion to the rank of Lieutenant Colonel. *Id.* ¶ 12. On June 6, 2006, the plaintiff filed a request with the Secretary of the Navy for an SSB, a board convened to consider the record of an officer who alleges that he or she has been unfairly denied a promotion. *Id.* ¶¶ 31-32. In his request, the plaintiff asserted that the promotion board members were biased against him because he had "diligently and zealously performed the job the Marine Corps assigned [him] to do – defend a suspected terrorist." Admin. R. at 4. Moreover, the plaintiff expressed his belief that

the promotion board members, many of whom were involved in the war on terror, considered him disloyal not only because he was defending a suspected terrorist, but also because he had criticized the military commission process. *Id.* To support this claim, the plaintiff submitted several news articles discussing his representation of Hicks, as well as an affidavit from an officer stating that several colleagues had expressed their view that the plaintiff's defense of Hicks was inappropriate and disloyal. *Id.* at 25. The Commandant of the Marine Corps submitted a memorandum to the Secretary recommending that the Secretary deny the plaintiff's request for an SSB, and on February 15, 2007, the Secretary denied the plaintiff's request. Compl. ¶¶ 33, 38.

### B. Procedural History

The plaintiff commenced this action on November 30, 2007, claiming that the Secretary's denial of his request was arbitrary and capricious, not based on substantial evidence, materially erroneous and otherwise contrary to law. *Id.* ¶ 43. The plaintiff asks the court to set aside the Secretary's denial of his request for an SSB and remand the case to the Secretary with an order that the Secretary convene an SSB to review the plaintiff's record. *Id.* at 9-10.

The defendant has moved for summary judgment, arguing that the court should uphold the Secretary's decision. *See generally* Def.'s Mot. for Summ. J. ("Def.'s Mot."). The plaintiff has filed a cross-motion for summary judgment. *See generally* Pl.'s Cross-Mot. for Summ. J. & Opp'n to Def.'s Mot. ("Pl.'s Cross-Mot."). As both motions are now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 658 F. Supp. 2d 217, 224 (D.D.C. 2009) (citing *Rhoads v. McFerran*, 517 F.2d 66, 67 (2d Cir. 1975)). To prevail on a motion for summary judgment, the moving party must show that the opposing party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the opposing party, a moving party may succeed on summary judgment. *Id.*

The opposing party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray,* 9 F.3d 150, 154 (D.C. Cir.

1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006).

### B. Legal Standard for Judicial Review of Agency Actions

The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof." 5 U.S.C. § 702. Under the APA, a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706; *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 736 (D.C. Cir. 2001). In making this inquiry, the reviewing court "must consider whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotations omitted). At a minimum, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made." *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986); *Tourus Records, Inc.*, 259 F.3d at 736. An agency action usually is arbitrary or capricious if

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Veh. Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also County of L.A. v. Shalala*, 192 F.3d 1005, 1021 (D.C. Cir. 1999) (holding that "[w]here the agency has failed to provide a reasoned explanation, or where the record belies the agency's conclusion, [the court] must undo its action").

As the Supreme Court has explained, however, "the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Veh. Mfrs. Ass'n*, 463 U.S. at 43. Rather, the agency action under review is "entitled to a presumption of regularity." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

### C. The Court Denies the Defendant's Motion for Summary Judgment and Grants the Plaintiff's Cross-Motion for Summary Judgment

In their cross-motions for summary judgment, the parties dispute (1) the standard of review that the court should apply when reviewing the Secretary's decision; (2) whether the Secretary applied the appropriate standard of proof when considering the plaintiff's request; (3) whether the Secretary's decision to deny the plaintiff's request was arbitrary and capricious; and (4) whether the Secretary was required to investigate the plaintiff's claims. *See generally* Def.'s Mot.; Pl.'s Cross-Mot. The court's consideration of the first two issues compels it to deny the defendant's motion for summary judgment and grant the plaintiff's cross-motion for summary judgment.

### 1. The Court Must Apply a Deferential Standard of Review to the Secretary's Decision

The defendant contends that the standard for reviewing decisions under the APA is highly deferential to the agency, even in non-military cases. Def.'s Mot. at 18. Moreover, the defendant asserts that this deference is heightened in cases involving military decisions. *Id.* at 20. The plaintiff, on the other hand, argues that such deference typically applies to judicial review of "*substantive* personnel decisions," and that when reviewing the *process* leading to the Secretary's decision, including the type and sufficiency of the evidence that the Secretary relied upon and the

standard of proof that the Secretary used, Congress has mandated a less deferential standard of review requiring the court to assess whether the decision was supported by substantial evidence, constituted material error or was contrary to law. Pl.'s Cross-Mot. at 9-10.

In reviewing a determination of the Secretary of a military department regarding the promotion of an officer, the "court may set aside the Secretary's determination only if [it] finds the determination to be (i) arbitrary or capricious; (ii) not based on substantial evidence; (iii) a result of material error of fact or material administrative error; or (iv) otherwise contrary to law." 10 U.S.C. § 628(g)(1)(A). Decisions of military boards are reviewable by an "unusually deferential" standard. *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989); *see also Miller v. Dep't of the Navy*, 476 F.3d 936, 938-39 (D.C. Cir. 2007) (stating that the court should be "unusually deferential" when reviewing the Secretary of the Navy's denial of a request for an SSB). The court will not second-guess the merits of a military promotion or retention decision as long as the process of reaching that decision was proper. *Siemietkowski v. United States*, 86 Fed. Cl. 193, 198 (Fed. Cl. 2009) (citing *Adkins v. United States*, 68 F.3d 1317, 1323 (Fed. Cir. 1995)). In other words, the court must determine only whether the Secretary's decisionmaking process was deficient, not whether the decision itself was correct. *Kreis*, 866 F.2d at 1511; *see also Gillan v. Winter*, 474 F.3d 813, 819 (D.C. Cir. 2007) (concluding that the Secretary's decision was not arbitrary and capricious because there was a rational connection between the fact found and the choice made); *Mueller v. Winter*, 485 F.3d 1191, 1200 (D.C. Cir. 2007) (determining that the Secretary's refusal to convene an SSB was supported by substantial evidence despite the fact that the opposing position was also reasonable); *Homer v. Roche*, 226 F. Supp. 2d 222, 225 (D.D.C. 2002) (explaining that when conducting its inquiry under § 628, the

court should determine whether the explanation for the military's decision was reasonable). With this standard of review in mind, the court now examines the parties' remaining arguments.

### 2. The Secretary Failed to Articulate What Evidentiary Standard He Applied to the Plaintiff's Request for an SSB

The plaintiff argues that the Secretary's denial of his request for an SSB should be reversed because the Secretary used an inappropriate standard of proof when evaluating his claim that the promotion board's decision not to promote him was contrary to law and materially erroneous. Pl.'s Cross-Mot. at 13. The plaintiff recognizes that the statute contains no explicit standard of proof that a party must satisfy to be entitled to an SSB. *Id.* Because the denial stated that the plaintiff had failed to provide "convincing evidence" that the promotion board members were unfairly biased against him, the plaintiff argues that the Secretary applied an unlawfully high "clear and convincing evidence" standard when evaluating his request. *Id.* In addition, the plaintiff asserts that this heightened standard was not clearly articulated and was inconsistent with the standard applied in similar cases. *Id.* at 16-17. Finally, the plaintiff contends that the clear and convincing standard effectively precludes service members from challenging decisions to deny an SSB, because only direct evidence of what occurred during the promotion board proceedings – which board members are not allowed to disclose – could satisfy this standard. *Id.* at 14-15.

Like the plaintiff, the defendant recognizes that the governing statute is silent as to the evidentiary standard that the Secretary should use to weigh requests for an SSB based on an allegation that a promotion board acted contrary to law. Def.'s Opp'n to Pl.'s Cross-Mot. & Reply in Supp. of Def.'s Mot. ("Def.'s Reply") at 20. Yet, the defendant – while never clearly

articulating what standard of proof the Secretary ostensibly used to review the plaintiff's request – contends that the Secretary did not apply a "clear and convincing" standard of proof, and that, in any event, the outcome would have been the same under even the lowest possible standard because the plaintiff provided *no* evidence to support his claims. Def.'s Reply at 18. Furthermore, the defendant refutes the plaintiff's assertion that the Secretary made it impossible for him to demonstrate his entitlement to an SSB, contending that he could have submitted evidence from outside the deliberations showing that the board members had voiced a bias against the plaintiff. *Id.* at 18-19.

The Secretary may convene a special selection board if he determines that the promotion board's decision was "contrary to law or involved material error of fact or material administrative error." 10 U.S.C. § 628(b)(1)(A). To obtain review by an SSB based on the "material error" prong of the statute, a plaintiff must adduce evidence that the promotion board committed "[a]ny error of fact or administrative/procedural error that is *more likely than not* to have deprived the officer concerned of a fair and impartial consideration by the board." Sec'y of the Navy Instruction ("SECNAVINST") § 1420.1B(e)(24)(3)(c) (emphasis added). Thus, as this Circuit has recognized, it is clear that the "material error" prong of the standard requires proof by a preponderance of the evidence. *Miller*, 476 F.3d at 939.

In contrast, the requisite standard of proof for an allegation that a promotion board's decision was "contrary to law" is not explicitly set forth in the statute, nor in the applicable regulations or case law. *Id.* The Secretary's regulations explain that "contrary to law" means "[a]ny act of a promotion selection board that deprives the officer concerned of a constitutional or statutory right." SECNAVINST § 1420.1B(e)(24)(3)(b). This Circuit has cautioned that

9

regardless of what standard of proof the Secretary applies to an allegation that a promotion board's decision was "contrary to law," the standard of proof that the Secretary applies "should be . . . the result of a conscious (and articulated) decision by the Secretary." *Miller*, 476 F.3d at 939.

In his request for an SSB, the plaintiff claimed both that the promotion board's decision was contrary to law and that it constituted material error. *See* Admin. R. at 3. The Secretary rejected both of these claims, concluding that the plaintiff (1) "fail[ed] to provide convincing evidence to support his claim," (2) "[did] not provide evidence that the board deviated" from the precept, and (3) "fail[ed] to provide evidence that he was not given fair and equitable consideration." *Id.* As the plaintiff correctly points out, however, the memorandum denying the SSB request does not articulate the standard of proof that the Secretary used when reviewing the evidence.[1] *See id.*

Therefore, the court is unable to evaluate what standard of proof the Secretary applied; as a consequence, it is also unable to determine whether the Secretary's chosen standard was appropriate or whether the Secretary properly applied that standard. Thus, on this incomplete record, the court cannot determine whether the Secretary's decision to deny the plaintiff's request for an SSB was arbitrary or capricious. *See Miller*, 476 F.3d at 939 (explaining that because the regulation's "contrary to law" standard does not contain an explicit standard of proof, the Secretary must articulate the standard of proof used to evaluate the plaintiff's claim that the promotion board acted contrary to law); *cf. Allentown Mack Sales & Serv., Inc.*, 522 U.S. at 374

---

[1] The fact that the Secretary's memorandum notes that the plaintiff failed to present "convincing" evidence is insufficient, without more, for the court to conclude that the Secretary applied a "clear and convincing" standard of proof.

(emphasizing the need for the court to determine that an agency applied the appropriate standard of proof when assessing whether the agency "engaged in reasoned decisionmaking"); *Bean Dredging, LLC v. United States*, 2010 WL 1189903, at *7 (D.D.C. Mar. 30, 2010) (remanding the case because the agency failed to explain how it interpreted the applicable regulation); *Poett v. United States*, 657 F. Supp. 2d 230, 242 (D.D.C. 2009) (determining that the court was unable to review whether the agency's decision was arbitrary and capricious because the administrative record was insufficient); *Homer*, 226 F. Supp. 2d at 226 (concluding that because the Air Force failed to provide an adequate explanation as to how it reached its decision, the court could not find a rational connection between the facts found and the choice made).

Accordingly, the court must remand the case to the defendant. On remand, the Secretary will be obligated to articulate the standard of proof applicable to the plaintiff's claim that the denial of his request for an SSB was contrary to law. *See Miller*, 476 F.3d at 939; *Kreis*, 866 F.2d at 1514-15 (holding that the Secretary "must give a reason that a court can measure . . . against the 'arbitrary or capricious' standard of the APA"); *see also Safe Extensions, Inc. v. Fed. Aviation Admin.*, 509 F.3d 593, 599 (D.C. Cir. 2007) (explaining that "if the reviewing court simply cannot evaluate the challenged agency action . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *accord Tourus Records, Inc.*, 259 F.3d at 737.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for summary judgment, grants the plaintiff's cross-motion for summary judgment and remands the Secretary's decision to the defendant for further proceedings.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 17th day of August, 2010.

RICARDO M. URBINA
United States District Judge