UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIEUTENANT COLONEL MICHAEL D. MORI, USMC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Case No. 07-2167 (RJL) |
| DEPARTMENT OF THE NAVY | ) ) ) | **FILED** |
| Defendant. | ) ) ) | JAN 18 2013 |

MEMORANDUM OPINION

(January 18, 2013) [## 29, 30]

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

Before this Court are renewed cross-motions for summary judgment by Lieutenant Colonel Michael Mori ("plaintiff") and the Department of the Navy ("defendant") related to defendant's decision to deny plaintiff's request for a Special Selection Board to review plaintiff's non- promotion decision. Because the Court believes that defendant's denial to convene a Special Selection Board was arbitrary and capricious, plaintiff's renewed motion for summary judgment is GRANTED, defendant's renewed motion for summary judgment is DENIED, and this case is REMANDED to the Secretary of the Navy to convene a Special Selection Board.

BACKGROUND

Plaintiff is a judge advocate in the United States Marine Corps ("USMC"). Am. Compl. ¶¶ 4, 6 [Dkt. # 27]; A.R. at 5. In November 2003, the USMC assigned plaintiff to serve as defense counsel for David Hicks, a suspected terrorist detained at Guantanamo

1

Bay. *Id.* ¶ 7. By 2004, plaintiff's efforts had generated widespread civilian and military media coverage. *Id.* ¶ 11; *see, e.g.*, A.R. at 8-27 [Dkt. # 7-1].

According to federal statute, the Department of the Navy awards promotions to USMC officers by convening selection boards ("SBs"). 10 U.S.C. § 611(a). These SBs must consist of at least five military officers who have attained the rank of major or higher. *Id.* § 612(a)(1). SB members must swear that they will perform the SB's duties without prejudice or partiality, *id.* § 613, and the members are prohibited from disclosing details about an SB's proceedings, *id.* § 613a. The SB is convened by a precept, a set of guidelines from the Secretary with which the SB must comply. Def's Renewed Mot. for Summ. J. ("Def's Mot.") at 9 [Dkt. # 29]. If denied a promotion by the SB, an officer can petition the Secretary of the Navy ("Secretary") to convene a Special Selection Board ("SSB") to review the decision. SECNAV Instruction 1420.1B, Def's Mot., Ex. 3, ¶ 24(c). The Secretary must convene an SSB if he determines that "material unfairness" affected the SB. *Id.* § 628(b)(1). "Material unfairness" exists if the SB's decision was "contrary to law in a matter material to the decision of the board or involved material error of fact or material administrative error . . . ." *Id.* § 628(b)(1)(A). For USMC officers, the Secretary considers the recommendation of the Commandant of the Marine Corps ("Commandant") before rendering a decision. SECNAV Instruction 1420.1B, Def's Mot., Ex. 3, ¶ 24 (n)(1).

I.  **Plaintiff's First Denial of Special Selection Board**

In the fall of 2005, an SB denied plaintiff a promotion to lieutenant colonel. A.R.

2

at 2-3. On June 6, 2006, plaintiff petitioned the Secretary for an SSB to review his promotion denial. A.R. at 4-7. In his SSB request, plaintiff contended the SB was biased against him for defending Hicks and for challenging the validity of the military commission process. A.R. at 4-5.

His SSB request included several pieces of evidence. Plaintiff attached news reports of his defense of Hicks and an affidavit from a USMC officer indicating that several USMC officers from the same community as an SB member felt plaintiff's advocacy had been disloyal. *See* A.R. at 8-27. He also noted that only one member of the SB was a fellow judge advocate, a factor that may have prevented the SB members from understanding his ethical responsibility to vigorously defend Hicks. *See* Am. Compl. ¶¶ 15, 17-18; A.R. at 5. Plaintiff also indicated that, of the three judge advocates assigned by the Department of the Navy to represent Guantanamo detainees, not one received a promotion from an SB during their representation of detainees. A.R. at 7. He also noted that many of the SB members had served in combat roles in the war on terror, which he suggested may have biased them against a suspected terrorist's counsel. *See* A.R. at 6.

Plaintiff also contended that two members of the board had previously been in direct adversarial relationships with him. Am. Compl. ¶¶ 23, 25, 28-29. First, eight years earlier, Brig. Gen. Angela Salinas had referred charges to a special court-martial against a Marine whom plaintiff then successfully defended. *Id.*; *see also* A.R. at 6, 28-29. Second, Maj. Gen. Ennis, the ranking SB officer, had directed a military department

3

whose personnel interrogated Hicks. A.R. at 6. Because "[m]uch of the criticism of the military commissions focused on obtaining and using evidence acquired through improper interrogation techniques," plaintiff believed that his representation of Hicks placed him in a "directly adversarial position" with Maj. Gen. Ennis. Am. Compl. ¶ 23; *see also* A.R. at 6. Plaintiff also noted that a candidate's former adversarial position toward an SB member justified an SSB in other circumstances. *See* A.R. at 6-7.

While plaintiff's commanding officer recommended approval of plaintiff's SSB request, *see id.* at 24, the Secretary denied the request on February 15, 2007, *see id.* at 3. The denial consisted of a memorandum drafted by the Commandant and signed by the Secretary stating that plaintiff failed to provide "convincing evidence" to support an inference of bias. *Id.* at 2-3.

Plaintiff commenced this action on November 30, 2007, challenging the Secretary's denial of his request on several grounds, including the "convincing evidence" standard of proof employed by the Secretary. Compl. ¶¶ 42-48 [Dkt. # 1]. Following cross-motions for summary judgment, Judge Ricardo M. Urbina granted plaintiff's motion and remanded the case to the Secretary for clarification on the standard of proof involved. Order on Mot. for Summ. J. [Dkt. # 18]; *see* Mem. and Op. at 8-12 [Dkt. # 19].

## II. Plaintiff's Second Denial of Special Selection Board

On February 23, 2011, the Commandant once again recommended that the Secretary deny plaintiff's SSB request. Addendum to A.R. ("A.R. Add.") at 79-84 [Dkt. # 26-1]. In a memorandum to the Secretary, the Commandant reasoned that plaintiff was

required to demonstrate by a "preponderance of the evidence" that the SB "acted contrary to law or involved material error." *Id.* at 80. The Commandant concluded that plaintiff had failed to satisfy this burden because plaintiff failed to specify any material error and failed to connect his evidence of bias to the SB members' alleged violation of their oaths. *See id.* at 83. The Secretary adopted the Commandant's recommendation in its entirety and again denied Plaintiff's request for an SSB on July 21, 2011. *Id.* at 84.

Plaintiff then amended his complaint on October 14, 2011, alleging the Secretary's second denial of the SSB request was arbitrary, capricious, not supported by substantial evidence, materially erroneous, and otherwise contrary to law. Am. Compl. ¶¶ 49-53. Plaintiff alleged that the SB was "materially unfair, acted contrary to law, and was tainted by material error." *Id.* ¶ 50. He also contended that the Secretary should have conducted a factual investigation of his claims by interviewing the SB members. *See id.* ¶ 53; Pl's Opp'n to Def's Renewed Mot. for Summ. J. Mot. and Pl's Renewed Cross-Mot. for Summ. J. ("Pl's Mot.") at 31-33 [Dkt. # 30]. Plaintiff asked the Court to remand the case to the Secretary with instructions to convene an SSB. *See* Am. Compl. at 11.

Both parties have renewed their motions for summary judgment, which are ripe for adjudication and are now before this Court.[1]

## STANDARD OF REVIEW

Summary judgment is appropriate when the movant demonstrates that no genuine issue of material fact is in dispute and that the moving party is entitled to judgment as a

---

[1] This case was transferred to my docket from Judge Urbina on April 20, 2012.

matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden, and the court will draw "all justifiable inferences" in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Thus, if the evidence presented by the opposing party is 'merely colorable' or 'not significantly probative,' summary judgment may be granted." *Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002) (quoting *Anderson*, 477 U.S. at 249-50); *see also Montgomery v. Chao*, 546 F.3d 703, 708 (D.C. Cir. 2008) ("The possibility that a jury might speculate in the [opposing party's] favor . . . is simply insufficient to defeat summary judgment.").

With respect to the Court's review of the Secretary's decision to deny a SSB, the governing statute provides that "[a] court of the United States may review a determination by the Secretary . . . not to convene a special selection board . . . if the court finds the determination to be (i) arbitrary or capricious; (ii) not based on substantial evidence; (iii) a result of material error of fact or material administrative error; or (iv) otherwise contrary to law." 10 U.S.C. § 628(g)(1)(A). If the Court sets aside a decision not to convene an SSB, "it shall remand the case to the Secretary . . . , who shall provide for consideration by such a board." *Id.* at § 628(g)(1)(B).

Under the "arbitrary or capricious" standard of review, our Circuit has recognized that judicial review of military personnel decisions must be "unusually deferential." *Mueller v. Winter*, 485 F.3d 1191, 1198 (D.C. Cir. 2007) (citing *Musengo v. White*, 286 F.3d 535, 538 (D.C. Cir. 2002); *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000)). However, while judges on this Court have no interest in undermining military personnel

decision-making through aggressive judicial review, *see Mueller*, 485 F.3d at 1198, they equally have no intention to simply rubber-stamp the Secretary's decision without any further review.

In addition to conducting an "arbitrary or capricious" analysis, the Court also must consider whether the denial was based on "substantial evidence," or evidence that would have made it possible for a reasonable jury to reach the same decision. *See Allentown Mack Sales and Serv., Inc. v. Nat'l Labor Relations Bd.*, 522 U.S. 359, 366-67 (1998) (citations omitted).[2] In addition, the Court must ensure through its "material . . . error" review that no "error of fact or administrative/procedural error . . . more likely than not . . . deprived the officer concerned of a fair and impartial consideration by the board." *See Miller v. Dep't of Navy*, 476 F.3d 936, 939 (D.C. Cir. 2007) (quoting SECNAVINST regulations).[3] Finally, this Court also may find a decision "contrary to law" if it "deprive[d] the officer concerned of a constitutional or statutory right." *Id.*

---

[2] Defendant argues that the substantial evidence standard does not apply to this case because the Secretary has not prescribed a regulation implementing this type of scrutiny. Dep't of the Navy's Combined Mem. Opposing Lt. Col. Mori's Renewed Cross-Mot. for Summ. J. and in Reply of Def's Renewed Mot. for Summ. J. ("Def's Opp'n/Reply") at 7 [Dkt. # 31]. However, defendant improperly conflates the Secretary's authority to prescribe regulations implementing the SSB process, *see* 10 U.S.C. § 628(j), with the Court's independent judicial review, *see id.* § 628(g). Indeed, § 628(j) expressly prevents the Secretary from prescribing regulations affecting the Court's judicial review under § 628(g), which authorizes the Court to conduct a "substantial evidence" review. *See id.* § 628(j) ("Regulations under this subsection may not apply to subsection (g) . . . .").

[3] At the time of the *Miller* decision, the relevant SECNAVINST provision was 1401.1B. This provision was recodified on March 28, 2006 as SECNAVINST 1420.1B, but the relevant language was not changed. *See Miller*, 476 F.3d at 939 n.1. While these regulations apply only to the SSB's review and not to the Court's judicial review, *see* 10 U.S.C. § 628(j), the Court sees no reason to disagree with the regulations' language when conducting analogous judicial review.

7

## DISCUSSION

Even when granted due deference, the Secretary's decision to deny plaintiff's SSB request cannot withstand judicial scrutiny for two reasons. First, the decision simply fails to address certain elements of plaintiff's evidence. Second, the Secretary improperly dismisses certain examples of plaintiff's circumstantial evidence without explanation. Because these defects render the Secretary's SSB decision arbitrary and capricious, plaintiff's renewed motion for summary judgment must be GRANTED, and defendant's renewed motion for summary judgment must be DENIED. How so?

### I.  Failure to Address Elements of Plaintiff's Evidence

The first flaw in the Secretary's SSB decision is its complete silence regarding several of plaintiff's claims. The decision consists of a five-page memorandum drafted by the Commandant, the majority of which summarizes the procedural background of the case. *See* AR at 80-84. Only the last paragraph contains any analysis of plaintiff's request—and this analysis ignores much of plaintiff's evidence. *Id.* at 83-84. By not discussing plaintiff's evidence, the Secretary leaves plaintiff and the Court to scratch their heads as to why the Secretary found plaintiff's evidence unpersuasive. An agency action that lacks explanation is a textbook example of arbitrary and capricious action. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971) (abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1997)) (To determine whether an agency decision is arbitrary or capricious, "the court must consider whether the decision was based on a consideration of the relevant factors . . . ."); *Occidental*

*Petroleum Corp. v. SEC*, 873 F.2d 325, 338 (D.C. Cir. 1989) ("[I]n order to allow for meaningful judicial review, the agency must produce an administrative record that delineates the path by which it reached its decision.")

For example, the Secretary's decision makes no mention of plaintiff's contention that a candidate's former adversarial position toward an SB member has justified an SSB in other circumstances. *See* A.R. at 6-7; A.R. Add. at 83. If the Secretary is aware of the analogous circumstances plaintiff referenced but fails to distinguish them, the Secretary commits an arbitrary and capricious act. *See Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1089 (D.C. Cir. 1986) ("[A]n agency's unjustifiably disparate treatment of two similarly situated parties works a violation of the arbitrary-and-capricious standard.") (citation omitted). The Secretary also says nothing about plaintiff's evidence that the three other Department of the Navy judge advocates assigned to represent Guantanamo detainees also failed to receive a promotion during their tenure. A.R. at 7; A.R. Add. at 83. Additionally, the decision fails to address the recommendation of plaintiff's supervising officer that plaintiff's SSB request be approved, *see* A.R. at 24, evidence supporting the merit of plaintiff's request. *See* Def's Mot. at 39 (citing Notice to Court, *Waltman v. Winter*, Civ. Action No. 06-844 (D.D.C. Sept. 13, 2006) as evidence of an SSB investigation ordered where an officer substantiated that applicant's record merited promotion).

The Secretary, of course, need not address every aspect of plaintiff's SSB request at length and in detail. *See Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997) ("[A]n

agency's decision need not be a model of analytic precision to survive a challenge. A reviewing court will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.") (citations and internal quotation marks omitted). But he must provide enough information to ensure the Court that he properly considered the relevant evidence underlying plaintiff's request. *See Occidental Petroleum Corp.*, 873 F.2d at 338. By providing *no* information whatsoever as to relevant evidence supporting plaintiff's request, the Court cannot reasonably discern the Secretary's decision-making process.

## II. Failure to Consider Plaintiff's Circumstantial Evidence

In the few instances where the SSB decision addressed plaintiff's evidence, it improperly dismissed plaintiff's circumstantial evidence as *no* evidence at all, without further discussion. Indeed, our Circuit has repeatedly recognized that there is "no distinction between the probative value of direct and circumstantial evidence." *Doe v. U.S. Postal Serv.*, 317 F.3d 339, 343 (D.C. Cir. 2003). In fact, circumstantial evidence is particularly important in bias and discrimination cases, in which direct evidence is either not present or difficult to obtain. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99-100 (2003).

Plaintiff presented several examples of circumstantial evidence, including news articles documenting plaintiff's aggressive challenge to the government and a USMC officer's affidavit declaring that other officers viewed plaintiff's legal work with distaste. *See generally* A.R. at 8-25. Yet despite the potentially probative value of this evidence,

the Secretary responded that plaintiff had failed to produce "*any* evidence that any of the board members deviated from the precept and/or violated their oath as board members." A.R. Add. at 83 (emphasis added). Such a conclusion may have been warranted if the Secretary had explained *why* he concluded that plaintiff's circumstantial evidence possessed no or limited value. However, the Secretary provided no such explanation, simply repeating that plaintiff's evidence "fail[ed] to prove" bias without explaining why. *Id.*

At a point, the Secretary's decision appears to explain part of his decision-making process. When addressing the allegations regarding potential bias by Colonel Salinas (though not by name), the Secretary suggests that Colonel Salinas's involvement in the alleged adverse action was minimal—simply "forwarding a recommendation [and] conven[ing] a court martial"—and took place more than eight years before plaintiff's SB. A.R. Add. at 83. While this explanation for dismissing plaintiff's evidence may be "of less than ideal clarity," *Frizelle*, 111 F.3d at 176, it is certainly better than no explanation at all. Unfortunately, for defendant, however, much of the remaining SSB decision lacks *any* explanation for dismissing plaintiff's other evidence.

For example, defendant alleges that the decision adequately explains the Secretary's reasoning because it states that certain elements of plaintiff's evidence "fail[ed] to connect" and "fail[ed] to prove" the inference of bias that plaintiff sought to make. AR 83; Def's Opp'n/Reply at 24-25. But again, the decision fails to explain *why* an inference of bias is unreasonable from plaintiff's circumstantial evidence. Certainly,

evidence of bias against plaintiff in the USMC community, when considered alongside other circumstantial evidence, could support a reasonable person's conclusion that members of plaintiff's SB were biased against him. By demanding evidence that "connect[s]" to bias or "prove[s]" bias, the Secretary does not address the weaknesses of plaintiff's circumstantial evidence; rather, the Secretary appears to dismiss the circumstantial evidence simply because it is circumstantial. Without further explanation supporting its conclusion, the Secretary's decision cannot stand.

In their briefs, defendant expends much effort attacking the substance of plaintiff's request. *See generally* Def's Mot. at 33-36; Def's Opp'n/Reply at 9-18. But the government's effort is misplaced. It is not the *substance* of plaintiff's request that creates an issue here. Rather, it is the Secretary's inadequate explanation of the *process* by which he reached his decision. It is this Court's responsibility to insure that agencies meet their obligation to explain their decisions. *See Allentown Mack*, 522 U.S. at 374 ("Not only must an agency's decreed result be within the scope of its lawful authority, but the process by which it reaches that result must be logical and rational. Courts enforce this principle with regularity when they set aside agency [actions] not supported by the reasons that the agencies adduce."). In this case, the Secretary failed to meet his obligation, and defendant cannot fill the holes of the Secretary's decision by providing *post hoc* explanations in its briefs. *See Camp v. Pitts*, 411 U.S. 138, 143 (1973) (When an agency provides a "contemporaneous explanation of the agency decision . . . [t]he

validity of the [decision] must, therefore, stand or fall on the propriety of that finding.").[4]

## CONCLUSION

Because the Secretary failed to adequately explain its decision to deny plaintiff's SSB request, the decision is arbitrary and capricious. As such, plaintiff's renewed motion for summary judgment is GRANTED, defendant's motion for renewed summary judgment is DENIED, and this case is REMANDED to the Secretary of the Navy to convene an SSB to reconsider the denial of plaintiff's promotion. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[4] Because the Secretary's decision cannot withstand judicial review due to a lack of adequate explanation, the Court does not need to address the parties' dispute regarding whether the Secretary was required to conduct an investigation of plaintiff's claims. *See generally* Def's Mot. at 36-41; Pl's Mot. at 31-35; Def's Opp'n/Reply at 18-24.